THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHELSEY PARKINSON,

        *Plaintiff,*

                                  Case No.:

    vs.

JASON OLEPHANT,

        *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHELSEY PARKINSON ("Plaintiff or "Parkinson"), by and through her undersigned counsel, files this Complaint against Defendant, JASON OLEPHANT ("Defendant" and "Olephant"), and states as follows:

### INTRODUCTION

1. To secure legal, monetary, equitable, and punitive relief, Parkinson brings Count I against Olephant for violating the Computer Fraud and Abuse Act of 1986, 18 U.S.C. § 1030, as amended ("CFAA"); and also Count II with an unjust enrichment state common law claim.

2. Olephant received monetary revenue from the unauthorized access and use of Parkinson's income-generating social media account created and maintained by her in Tampa, Florida.

### PARTIES

3. Parkinson is an individual over eighteen years of age, residing and domiciled in

Hillsborough County, Florida, and is otherwise sui juris.

4.    Olephant is a resident of the State of Arizona, and is otherwise sui juris.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action involves a federal question under 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA").

6.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Middle District of Florida because Defendant regularly conducted business in Florida, including the city of Tampa, Florida, which is within the Middle District of Florida.

7.    Supplemental jurisdiction for state law claims is conferred by 28 U.S.C. §1367, as the Plaintiff's state claims arise out of a common nucleus of operative facts, as more fully set forth below.

8.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.    Parkinson began working remotely from Florida for Grow Your Brand Social, LLC ("GYBS") as a staff employee, where Olephant was an owner and executive that supervised Parkinson.

10.    Parkinson created an income generating social media account on the online website platform Only Fans (the "OF Account"), and at all relevant times had ownership of the account.

11.     Olephant had informed Parkinson of the need for the creation of an account to allow social media influencers ("influencers") to boost their online presence and generate referral revenue for GYBS..

12.     An account would have to be created by Parkinson on the Only Fans platform because the social media platform would not allow corporate-owned accounts.

13.     At all relevant times, Olephant solicited influencers in nationally in the United States of America to become affiliated with the OF Account and also further coordinated ongoing activity between the OF Account and the influencers.

14.     Aside from Parkinson teleworking from Tampa, Florida, the city of Miami, Florida was a particular focal area due to a large concentration of influencers in that metropolitan area, and Olephant traveled to Miami a few times each year to market the OF Account to influencers.

15.     While Parkinson maintained personal ownership and registration of the OF Account, Olephant repeatedly used Parkinson's login credentials to personally access the OF Account, both before and after her employment ended with GYBS (separation date on or about November 2022), and also directed and supervised GYBS employees in accessing and using the OF Account.

16.     While remaining a resident of Florida, Parkinson had informed Olephant that she did not consent to any further access to her OF Account by Olephant or GYBS.

17.     Repeat, unauthorized access of the OF Account allowed Olephant to identify and obtain contact information of influencers.

18.      To date, the repeat unauthorized access of the OF account further has allowed

Olephant to perpetually and annually extract revenue from the OF Account utilizing his personal JP Morgan Chase bank account.

## COUNT I — CFAA

19.     Plaintiff incorporates the allegations made in Paragraphs 1 through 18 as if stated herein in their entirety.

20.     Defendant's actions violated the CFAA, including § 1030(a)(4), when his repeated and ongoing unauthorized access allowed him to gain financially from revenue attributable to the OF Account owned by Plaintiff.

21.     Defendant's conduct has caused Plaintiff to suffer damages, including the loss and use of her stored property.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant, and prejudgment interest, for actual and compensatory damages, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## COUNT II — UNJUST ENRICHMENT

22.     Plaintiff incorporates the allegations made in Paragraphs 1 through 11 as if stated herein in their entirety.

23.     Defendant appreciated and retained a special benefit at the expense of Plaintiff.

24.     Defendant had knowledge of the benefits being conferred because he personally gained financially to his own benefit while depriving Plaintiff of monies attributable to her social media account.

25.    To the detriment of Plaintiff, Defendant's ongoing unauthorized use and taking of property prevented Bebber from use and enjoyment of his property.

26.    Goodman's acceptance and retention of the benefits make it inequitable for him to retain the property without paying the value thereof.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant, and prejudgment interest, for actual and compensatory damages, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chelsey Parkinson demands a trial by jury on all counts so triable in this action.

Dated:  May 5, 2026                                    Respectfully submitted,

/s/ *Derek P. Usman* _____
Derek P. Usman
Florida Bar No. 0120303
Email: derek@usmanfirm.com
**The Usman Law Firm, P.A.**
505 East Jackson Street, Suite 305
Tampa, FL 33602
(813) 377-1197 telephone
*Attorney for Plaintiff*