UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHELSEY PARKINSON,

Plaintiff,

v. Case No.: 8:26-cv-1321-NHA

JASON OLEPHANT,

Defendant.
______________________________________/

**ORDER**

Defendant Jason Olephant moves to dismiss the complaint: (1) pursuant to Rule 12(b)(7) and Rule 19, for failure to join an indispensable party; and (2) pursuant to Rule 12(b)(6), for failure to state claim. Doc. 19. After careful review, I deny the motion.

**Background**

Plaintiff sues Defendant, alleging that he violated the Computer Fraud and Abuse Act (CFAA) (Count I) and that he unjustly enriched himself at Plaintiff's expense (Count II), essentially, by taking money that Plaintiff earned through her OnlyFans account. Compl. (Doc. 1). Specifically, the Complaint alleges:

Defendant is the owner of Grow Your Brand Social, LLC. Compl. (Doc. 1) ¶ 9. Plaintiff is a former employee of Grow Your Brand Social. Compl. (Doc.

1) ¶ 9. During Plaintiff's employment, Defendant asked Plaintiff to create an account on OnlyFans, Compl. (Doc. 1) ¶ 10–12, a subscription-based platform on which creators share content with paying "fans." Plaintiff created the account in her name, because OnlyFans does not allow corporate-owned accounts. Compl. (Doc. 1) ¶¶ 10, 12. Plaintiff solicited social media influencers to subscribe to the account, and posted content designed to help influencers "boost their online presence" and to "generate referral revenue" for her employer. Compl. (Doc. 1) ¶¶ 10–13.

Both during and after her employment with Grow Your Brand Social, Defendant used Plaintiff's login credentials to access her OnlyFans account, and directed other Grow Your Brand Social employees to do the same. Compl. (Doc. 1) ¶ 15. Plaintiff informed Defendant that she did not consent to Defendant's or other employees' accessing her account. Compl. (Doc. 1) ¶ 16. Defendant used his access to Plaintiff's account to obtain contact information for influencers and to transfer revenue earned through the account into his personal bank account. Compl. (Doc. 1) ¶¶ 17, 18.

Plaintiff brings two claims. In Count I, she claims that Defendant violated the CFAA "when his repeated and ongoing unauthorized access [to Plaintiff's OnlyFans account] allowed him to gain financially from revenue attributable to . . . Plaintiff." Compl. (Doc. 1) ¶ 20. In Count II, Plaintiff brings a claim for unjust enrichment, suggesting Defendant deprived Plaintiff of, and

took for himself, the benefits she earned through her OnlyFans account. Compl. (Doc. 1) ¶¶ 24–26.

Defendant moves to dismiss the Complaint on two grounds. Doc. 19. First, Defendant argues that, pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, Grow Your Brand Social is a "required" party because only it—and not Defendant—"could be potentially liable to Plaintiff." Doc. 19 pp. 5–6. Second, Defendant makes a cursory argument[1] that Plaintiff has failed to state a claim in both Count I and Count II. Doc. 19 p. 6.

Plaintiff responds that her Complaint pleads that it was Defendant—and not his corporation—who unlawfully accessed Plaintiff's OnlyFans account and took funds into his personal account. Doc. 20 pp. 3–4. Thus, Grow Your Brand Social is not a "required" party. Doc. 20 pp. 3–4. And, as to the failure to state a claim argument, Plaintiff claims she has done enough to satisfy the federal pleading standards, which aim only to place Defendant on notice of the claims. Doc. 20 pp. 6–7.

---

[1] Defendant argument is limited to one paragraph: "Further, while the CFAA does authorize civil actions pursuant to § 1030(e)(11), Plaintiff has not specifically pled. [sic.] Count I as it is drafted could be an action for negligence per se, alleging violation of§ 1030(a)(4) and claiming money damages and the loss of stored property. Therefore, Defendant requests that Count I be dismissed on this basis as well, that is, for failure to specifically state a claim pursuant to Fla. R. Civ. P. 12(b)(6). Also, Count II fails to state a claim and references individuals unidentified in the Complaint and unknown to defendant. *See* Complaint, paragraphs 25-26." Doc. 19 p. 6.

**Motion for Dismissal Under Rules 12(b)(7) and 19**

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss claims for a plaintiff's "failure to join a party under Rule 19."

A party must be joined under Rule 19, if (A) "in that person's absence, the court cannot accord complete relief among the existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). The moving party bears the burden of establishing that the absent party is required. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011).

Here, Defendant argues that Grow Your Brand Social is a necessary party because the court cannot provide complete relief through the existing parties, and because only the company—and not Defendant—"could be potentially liable to Plaintiff." Doc. 19 p. 5-6. Defendant does not elaborate on these assertions, but does cite Plaintiff's allegation in the Complaint that her OnlyFans account was created for Grow Your Brand Social's business purposes. Doc. 19 p. 5, Defendant concludes that Defendant is not a proper party "absent some basis for piercing the corporate veil." Doc. 19 p. 6.

Defendant's argument does not persuade. First, Defendant does not explain how any of the Rule 19 criteria are met. Although he asserts that "the court cannot accord complete relief among the existing parties" in the absence of the company, it is unclear why this would be so. Plaintiff seeks only money damages, interest, and an attorney's fee. She seeks no relief that would impact the company's property, interests, or obligations. And Defendant does not explain how the company's absence might "impair or impede the [company]'s ability to protect" some interest relating to this case or how the absence of the company might leave Defendant exposed to "double, multiple, or otherwise inconsistent obligations." It was Defendant's burden to demonstrate that the Rule 19 factors applied, and his conclusory assertions do not meet this burden.

As to Defendant's assertion that Plaintiff must pierce the corporate veil before suing him, he is mistaken. The corporate veil generally operates as a shield to immunize officers, directors, and owners from liability for a corporation's actions. *See Corporate Veil*, *Black's Law Dictionary* (12th ed. 2024) ("The legal assumption that the acts of a corporation are not the actions of its shareholders, so that the shareholders are exempt from liability for the corporation's actions."). The corporate veil is not a shield that allows individuals to transfer their liability to their corporations. So, "officers or

agents of a corporation may be held liable for their own torts[2] even if such acts are performed within the scope of their employment or as corporate officers or agents . . . even if no argument is advanced that the corporate form should be disregarded." *White-Wilson Med. Ctr. v. Dayta Consultants, Inc.,* 486 So. 2d 659, 661 (Fla. 1st DCA 1986); *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (an individual who "actively and knowingly" causes a statutory violation may be personally liable even if he is acting on behalf of the corporation).

Thus, a corporate owner or officer can be liable for violating the CFAA when, for example, his involvement in the violation is "active and knowing." *See Health First, Inc. v. Hynes*, No. 611CV715ORL41KRS, 2014 WL 12648552, at *10 (M.D. Fla. Sept. 17, 2014), *aff'd*, 628 F. App'x 723 (11th Cir. 2016) (finding corporate officer could be individually liable for violation of the CFAA); *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, No. CV 20-2970, 2021

---

[2] A violation of the CFAA is not a common law tort, but the statutes compensate victims based on principles similar to those of tort law. *Charles Schwab & Co. v. Carter*, No. 04 C 7071, 2005 WL 2369815, at *6 (N.D. Ill. Sept. 27, 2005) ("By providing compensation to victims of computer fraud, the CFAA operates, in effect, like a tort action."); *see also Meyer v. Holley*, 537 U.S. 280, 285 (2003) (noting that a federal statute providing a cause of action and compensation for interference with a property right essentially sounded in tort law); *Denarii Sys., LLC v. Arab*, No. 12–24239–CIV, 2013 WL 500826, at *7 (S.D. Fla. Feb. 11, 2013) (alteration in original) ("the Supreme Court has construed federal statutes containing similar requirements [to the CFAA] to incorporate traditional principles of tort causation" (quotation omitted)).

WL 1226411, at *9 (E.D. La. Apr. 1, 2021) ("The Fifth Circuit has not explicitly addressed a corporate officer's liability under the CFAA , but it recognizes that an individual officer may be held liable for violations of federal statutes even though they were committed on behalf of his or her corporation."); *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-CV-5780-LHK, 2013 WL 5372341, at *11 (N.D. Cal. Sept. 25, 2013) (finding corporate officer "personally liable as a matter of law" for violation of the CFAA when he had "personal involvement in the unlawful acts.").

Likewise, a business owner who is involved in the operation of the business can be personally liable for unjust enrichment. *State Farm Mut. Auto. Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, 427 F. App'x 714, 722–23 (11th Cir. 2011), *rev'd in part sub nom. State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F.3d 1311 (11th Cir. 2014).

For these reasons, the corporate veil is no defense here, where Plaintiff seeks to hold Defendant personally liable for his own actions (and indeed, alleges no wrongdoing by the company). The Complaint alleges that Defendant personally accessed Plaintiff's OnlyFans account and directed others to do so. Compl. (Doc. 1) ¶¶ 11, 15, 16. It alleges that Defendant used his access to obtain the contact information for social media influencers and to funnel Plaintiff's OnlyFans revenue into his personal bank account. Compl. (Doc. 1)

¶¶ 17, 18. These allegations are sufficient to plead that Defendant himself knowingly acted in a manner that violated the CFAA.

Defendant has not demonstrated that Grow Your Brand Social is a necessary party to this case. I therefore deny Defendant's motion to dismiss pursuant to Rule 19 for failure to join a necessary party.

**Motion for Dismissal Under Rule 12(b)(6)**

Defendant next argues, in a single paragraph, that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff fails to state a claim. Doc. 19 p. 6. Defendant makes a brief suggestion that he cannot discern whether Count I is a CFAA or negligence per se claim, and mentions that Count II identifies persons unknown to Defendant. Doc. 19, p. 6.

Middle District of Florida Local Rule 3.01(b) requires a motion to state the precise relief requested, the basis for the request, and a supporting legal memorandum. And, the Court may disregard perfunctory or underdeveloped arguments, rather than doing the work of developing a party's legal theory. *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n. 13 (11th Cir. 2007); *Gardner v. Mutz*, 488 F. Supp. 3d 1204, 1207 (M.D. Fla. 2020) ("Plaintiffs' failure to comply with the Local Rules alone warrants denial of the Motion."). For this reason, the motion to dismiss pursuant to Rule 12(b)(6) is denied.

However, I briefly note that it is clear that Count I asserts a CFAA claim, because the Count is titled "CFAA" and states, "Defendant's actions violated the CFAA, including § 1030(a)(4), . . . ." Compl. (Doc. 1) p. 4. And, Defendant has means other than a 12(b)(6) motion to seek identification of unknown individuals referenced within a complaint.

**Conclusion**

Defendant's motion to dismiss is denied. Defendant shall answer the Complaint within 14 days.

ORDERED on October 23, 2026.

Natalie Hirt Adams

NATALIE HIRT ADAMS
United States Magistrate Judge